AMERICAN TRUCK RENTAL CORP.,
Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15481.

United States Court of Appeals
Third Circuit.

Argued Feb. 1, 1966.

Decided Feb. 16, 1966.

Herman J. Obert, Philadelphia, Pa. (Kenneth M. Cushman, Philadelphia, Pa., Cushman & Obert, Philadelphia, Pa., on the brief), for petitioner.

Frederick E. Youngman, U. S. Department of Justice, Tax Division, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before STALEY, SMITH and FREEDMAN, Circuit Judges.

PER CURIAM.

The sole question raised by this appeal is whether the petitioner is entitled to non-recognition of a gain realized from the involuntary conversion of its property within the meaning of § 1033(a) (3) (A) of the Internal Revenue Code of 1954. Petitioner claims that it purchased a controlling interest in a corporation which held property similar to or related in service to that which was involuntarily converted, and thus, satisfied the requirements of that section.

The Tax Court analyzed the facts before it and concluded that the transactions resulting in the purchase of corporate stock lacked economic substance and, in fact, "amounted to no more than a sham * * *." Our examination of the record discloses no clearly erroneous finding of basic facts by the Tax Court.

Therefore, those determinations must remain undisturbed. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). It is also well settled that where the ultimate determination reasonably flows from the basic facts and those basic facts are persuasive of the ultimate fact, the Tax Court's conclusion will not be altered or modified. The Tax Court's conclusion here was clearly a permissible one. Simon v. Commissioner of Internal Revenue, 285 F.2d 422 (C.A.3, 1960); Heebner v. Commissioner of Internal Revenue, 280 F.2d 228 (C.A.3, 1960); Pennroad Corp. v. Commissioner of Internal Revenue, 261 F.2d 325, 328 (C.A.3, 1958), and cases cited therein.

The decision of the Tax Court will be affirmed.